IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 05 C 5442 ) |
| CENTURION FINANCIAL BENEFITS LLC, et al., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On March 20, 2007, plaintiff moved for an order to show cause why Frank Bellissimo and Ira Rubin should not be held in contempt. A Stipulated Preliminary Injunction with Asset Freeze had been entered against them on January 23, 2006. That arose from a credit card scam. The FTC motion arose from evidence it had that indicated that the two defendants had merely turned their attention to a new scam, this one involving supposed government grants.

Plaintiff has detailed in affidavits and exhibits the scope and procedures of the new scam. The defendants, by counsel, invoke the privilege against self-incrimination. The government contends that they must invoke the privilege directly, not by counsel. But that is immaterial. The invocation raises adverse references in a civil context and they do not directly contest the FTC's detailed presentation. Bellissimo contends that perhaps he is not the person involved in the communications in that presentation, but that contention is wholly unpersuasive.

It is clear that Bellissimo and Rubin have violated the prior order in very substantial respects, as described in the FTC motion at pp. 10-14, and that the FTC is entitled to relief.

That relief should require Bellissimo and Rubin to deposit into an escrow account in the United States $657,648, impose a daily fine of $5,000 to coerce compliance with this requirement, amend the existing Preliminary Injunction to ban Bellissimo from engaging in the sale or promotion of any product or service to United States consumers, and amend the existing Preliminary Injunction to include Bellissimo's new companies, Potomac Fidelity Group and Easton Consulting Group. It may be that the defendants may be able to establish that they are unable to comply with the full scope of the remedy, *e.g.*, they lack the funds to repay the entire amount, but that is no reason to deny the remedy sought. And to the extent these defendants can comply but fail to do so, more draconian sanctions may well be warranted.

The FTC is directed to present a draft order within ten days.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 17, 2007.