# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Centurion Financial Benefits LLC, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 05 C 5442 <br> Judge James B. Moran |

## PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT FRANK BELLISSIMO

Plaintiff, the Federal Trade Commission, pursuant to Rule 54 of the Federal Rules of Civil Procedure, requests that the Court enter judgment on its behalf against individual defendant Frank Bellissimo. In support of its motion, the FTC states as follows:

### Procedural History

1.  From approximately July 2004 through September 2005, Frank Bellissimo and his accomplices sold millions of dollars of non-existent unsecured credit cards to U.S. consumers for an advance fee of several hundred dollars. Bellissimo operated his scam from two telemarketing boiler rooms in Toronto. He also worked in conjunction with a third boiler room located in Calgary run by defendant Tony Andreopoulos. None of the thousands of consumers who paid the defendants' advance fee of $249 and $299 received a credit card.

2.  The FTC filed its original complaint in this matter on September 21, 2005, charging four individuals and six corporate entities with violating the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and several provisions of the Telemarketing Sales Rule, 16

C.F.R. Part 310. On the day the original complaint was filed, the Court entered an *ex parte* Temporary Restraining Order against all the named defendants, enjoining their illicit conduct and freezing their assets.

3. On December 15, 2005, the FTC filed a motion to amend its complaint to add seven additional corporate defendants and four additional individual defendants, including Bellissimo. The Court granted the FTC's motion to amend on December 15, 2005, and the FTC subsequently filed its First Amended Complaint.

4. Count I of the FTC's First Amended Complaint charges the defendants with engaging in deceptive trade practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), by falsely representing that in exchange for an advance fee consumers are guaranteed or are highly likely to receive an unsecured credit card. Counts II and III allege that this conduct also violates Sections 310.3(a)(2)(iii) and 310.4(a)(4) of the Telemarketing Sales Rule, 16 C.F.R. §§ 310.3(a)(2)(iii) and 310.4(a)(4).

5. In an order entered December 13, 2006, the Court granted the FTC's Motion for Partial Judgment on the Pleadings as to Defendants Houttuin and Bellissimo, finding them liable for Counts I, II, and III of the FTC's First Amended Complaint. Based in part on this ruling, on May 25, 2007, the Court entered a final judgment and permanent injunction against Robert Houttuin. The order includes a monetary judgment of $9,894,514, the total amount of consumer injury associated with defendants' scam.

# Form of Proposed Final Judgment[1]

6. The scope of the proposed Final Judgment is appropriate in light of Bellissimo's unlawful conduct and the likelihood that such conduct would recur in the absence of the proposed injunctive relief. The injunctive provisions set forth in Section I of the proposed Final Judgment prohibit the specific deceptive practices alleged in the Commission's complaint, as well as similar deceptive practices. These additional injunctive provisions are similar to those found in Permanent Injunctions previously entered by this Court against individual defendants Robert Houttuin, Sean Soma, Antonio Marchese, and Sylvain Cholette.

7. The permanent injunctive relief the Commission seeks bears a reasonable relationship to Bellissimo's unlawful practices, yet the prohibitions are framed broadly enough to prevent him from engaging in similarly illegal practices in the future. *See FTC v. Colgate-Palmolive Co.,* 380 U.S. 374, 395, 85 S. Ct. 1035, 1048 (1965) ("'The Commission is not limited to prohibiting the illegal practice in the precise form in which it has been found to have existed in the past.' Having been caught violating the [FTC] Act, respondents 'must expect some fencing in.'" (quoting *FTC v. Ruberoid Co.,* 343 U.S. 470, 473 (1952), and *FTC v. National Lead Co.,* 352 U.S. 419, 431 (1957)).[2]

---

[1] Attached to this motion as Exhibit 1 is a proposed final judgement for Frank Bellissimo.

[2] The proposed Final Judgment also includes standard provisions designed to ensure compliance and enforceability, including provisions requiring the maintenance of records, allowing the Commission to monitor Bellissimo's compliance, and requiring him to submit compliance reports to the Commission. Such provisions are proper to ensure compliance with the injunctive provisions discussed above. *See, e.g., FTC v. US Sales Corp.,* 785 F. Supp. 737, 753-54 (N.D. Ill. 1992).

8. Section II of the proposed Final Judgment would impose equitable monetary relief against Bellissimo, jointly and severally with the other defendants, in the amount of $9,894,514. The proper measure of equitable monetary relief under the FTC Act is the total amount paid by victims of an illegal scheme less any amounts previously returned to the victims by defendants. *See FTC v. Febre,* 128 F.3d 530, 536 (7th. Cir. 1997); *FTC v. Think Achievement Corp.,* 144 F. Supp. 2d 1013, 1019 (N.D. Ind. 2000), *aff'd,* 312 F.3d 259 (7th. Cir. 2002). This figure, as previously determined by the Court in its May 25, 2007 ruling, is $9,894,514.

WHEREFORE, plaintiff Federal Trade Commission respectfully requests that the Court enter a final judgment against defendant Frank Bellissimo that includes a permanent injunction and equitable monetary relief of $9,894,514. A proposed Final Judgment and Order for Permanent Injunction is provided with this Motion.

Respectfully Submitted,

WILLIAM BLUMENTHAL
General Counsel

DATED: June 22, 2007

/s James H. Davis
JAMES H. DAVIS
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
Voice: (312) 960-5634
Fax: (312) 960-5600
email: jdavis@ftc.gov